UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOUISIANA INTERNATIONAL MARINE LLC and FLEUR DE LIS MARINE LLC,

Plaintiffs,

25-cv-6271 (PKC)

-against-

ORDER

ASPEN AMERICAN INSURANCE CO.,

Defendant.

---

CASTEL, U.S.D.J.

This action arises from the partial sinking of a tugboat, the M/V La Invader, and raises the issue of whether the loss is covered by certain policies of insurance.

Plaintiffs Louisiana International Marine LLC and Fleur De Lis Marine LLC move to preclude the defendant from offering certain testimony from their expert, Captain Sanjeev Kumar Gupta. Specifically, plaintiffs seek to bar Gupta from relying upon or testifying about a United States Coast Guard's marine-casualty report. Insofar as plaintiffs' motion is addressed to the findings, conclusions and opinions expressed in the Coast Guard report, the motion will be granted in accordance with the dictates of the controlling statute. 46 U.S.C. § 6308(a) ("no part of a report of a [Coast Guard] marine casualty investigation . . . shall be admissible. . . ."). Indeed, in this respect the motion is unopposed. (Def. Mem. at 3 (ECF 29).)

Plaintiffs also seek to preclude Captain Gupta from opining on whether the vessel was seaworthy and whether the failure of a mechanical device was fortuitous. Captain

Gupta also proposes to testify as to the standard of care set forth in 46 CFR 35 Subchapter M (Parts 136-144) and certain American Bureau of Shipping standards.

Plaintiffs' motion makes no challenge to the qualifications of Captain Gupta. (ECF 25-1 at 2.) Nor is there a challenge under the balance of Rules 702 or 703, Fed. R. Evid. Rather plaintiffs are concerned that the testimony will usurp the role of the jury. But Rule 704, Fed. R. Evid, does not render an opinion objectionable because it embraces an ultimate issue in the case. The Advisory Committee Notes to the Rule note that the opinion must be helpful to the jury and not a waste of time and that this would bar an opinion "which would merely tell the jury what result to reach. . . ." Nor may a judge permit an expert to effectively instruct a jury on the law. See Hygh v. Jacobs, 961 F.2d 359, 364 (2d Cir. 1992). The Court will not permit either side's expert to wander into legal conclusion or veiled legal instructions.

This is a dispute over whether the partial sinking of the vessel was a covered loss. Seaworthiness or lack thereof is not determinative of any claim or defense in this action. Captain Gupta may describe the condition of a vessel and explain the basis for his opinion on the subject. Also, there is nothing inherently objectionable in his describing the condition of a mechanical device and whether it was foreseeable that the condition would lead to a serious failure causing a loss. Fortuitousness is a legal concept and if, assertedly, it is part of plaintiffs' burden of proof to prove a fortuitous loss within a covered peril (ECF 35 at 24, ECF 36 at 12), the witnesses for both sides will be instructed to avoid using that particular word.

There is nothing inherently objectionable in having an expert inform a jury of industry standards and whether the vessel conformed with those standards. Coast Guard regulations may be a different matter, and the Court will reserve on the question at this juncture.

The motion in limine directed towards defendants' expert witness is granted to the extent noted herein.

The Clerk is requested to terminate the motion at ECF 25.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
November 17, 2026